J-A30028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID LAWRENCE DIXON | |
| Appellant | No. 1281 WDA 2016 |

Appeal from the PCRA Order entered July 5, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-0005571-2007, CP-02-CR-0006620-2007,
CP-02-CR-0008288-2008

BEFORE: BOWES, STABILE, JJ., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 27, 2018**

Appellant, David Lawrence Dixon, appeals *pro se* from the July 5, 2016 order entered in the Court of Common Pleas of Allegheny County, dismissing his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Appellant raises a plethora of claims for our review. The PCRA court found Appellant failed to establish the timeliness of the instant petition. We agree. Accordingly, we affirm the order of the PCRA court.

The background of the instant matter can be summarized as follows. On November 13, 2008, following a trial, a jury found Appellant guilty of multiple sexual offenses in connection with two incidents involving minors. On January 26, 2009, the trial court sentenced Appellant to an aggregate term of

22 to 44 years' imprisonment. After we denied his direct appeal,[1] Appellant filed a petition for allowance of appeal with our Supreme Court. The Supreme Court denied his petition on April 7, 2011.[2]

Appellant filed the instant PCRA petition, his second, on May 23, 2013, as amended on June 24, 2015, claiming newly discovered evidence.[3] On July 5, 2016, the PCRA court dismissed the petition. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without

---

[1] *Commonwealth v. Dixon*, No. 1206 WDA 2007, unpublished memorandum (Pa. Super. filed August 6, 2010).

[2] *Commonwealth v. Dixon*, 20 A.3d 1210 (Pa. 2011).

[3] The PCRA court dismissed Appellant's first PCRA petition on October 18, 2012. We affirmed the order on December 4, 2013. *See Commonwealth v. Dixon*, No. 1757 WDA 2012, unpublished memorandum (Pa. Super. filed December 4, 2013). The Supreme Court denied Appellant's petition for allowance of appeal on May 1, 2014. *See Commonwealth v. Dixon*, 91 A.3d 161 (Pa. 2014).

jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. ***See Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady**[4] claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. ***See Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citing ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (1999)).

Finally, the exception to the PCRA's one-year time limit requires petitioners to file their PCRA petition within sixty days of the date the claim could have been presented. Thus, petitioners must plead and prove specific facts demonstrating their claim was raised within the sixty-day time frame of Section 9545(b)(1)(ii). ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***see also Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013).

---

[4] ***Brady v. Maryland***, 373 U.S. 83, 83 S. Ct. 1194 (1963).

The instant PCRA petition is facially untimely as Appellant filed it approximately one year after the expiration of the time for a timely filing.[5] Appellant argues the petition meets one of the exception to the timeliness general rule, *i.e.*, the previously unknown facts exception set forth in Section 9545(b)(1)(ii).[6] In particular, Appellant claims that, on October 15, 2013, he came into possession of a jail form showing that his trial counsel and the prosecutor committed perjury during a prior PCRA hearing. At that hearing, held on October 2, 2012, counsel for Appellant and the Commonwealth testified that they met with Appellant at a status conference or other pre-trial meeting during which Appellant consented to the testimony of a witness at trial via video-conferencing. Appellant argues that the jail form in question establishes that he was not brought in for any status conference, contrary to the testimony of both counsel.

The PCRA court addressed the claim as follows:

---

[5] Appellant's sentence became final on July 6, 2011, after our Supreme Court denied his petition for *allocatur* and the expiration of the time for filing a petition for writ of certiorari in the United States Supreme Court. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct.R. 13. Appellant had one year from that date to file a timely petition. He filed the instant petition approximately one year after that date. The instant PCRA petition is therefore facially untimely.

[6] The exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017). Thus, a petitioner must explain why he could not have learned of the new facts earlier with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001).

- 4 -

[Appellant] cannot establish that he only learned of the existence of the information within sixty days of his filing of the instant [PCRA petition]. [Appellant] has previously acknowledged in his pro se filings that he instructed his counsel in February of 2012 to investigate his appearances at pretrial conference to prove that he did not appear in courtroom to consent to the use of video-conferenced testimony. It wasn't until approximately fifteen months later that he filed the instant [PCRA petition]. Therefore, even assuming that the jail records somehow constitute after-discovered [sic] evidence, he did not file the instant PCRA [petition] within sixty days of the records being discovered.

Additionally, [the PCRA court] does not believe that the records constitute after-discovered [sic] evidence. [Appellant] has not provided a factual foundation that the jail records actually contain the information he claims it does. He has not supplied the [PCRA court] with any authenticated basis for this [c]ourt to conclude that the records he relies on demonstrate that he could not have been in court to consent to the video-conferenced testimony.

PCRA Court Opinion, 6/27/17, at 7-8.[7]

_____

[7] The PCRA court seems to confuse the requirements for the newly-discovered facts exception to the PCRA's time limitations, set forth in 42 Pa.C.S.A. §9545(b)(1)(ii), with the after-discovered evidence basis for relief delineated in 42 Pa.C.S.A. § 9543(a)(2).

In **Burton**, the Supreme Court explained:

To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence. However, where a petition is otherwise timely, to prevail on an after-discovered evidence claim for relief under subsection 9543(a)(2)(vi), a petitioner must prove that (1) the exculpatory evidence has been discovered after trial and could not have been obtained at or prior to trial through reasonable diligence; (2) the evidence is not cumulative; (3) it is not being used solely to impeach credibility; and (4) it would likely compel a different verdict.

The PCRA court also noted that the "new fact" alleged in the instant petition (*i.e.*, Appellant could not have consented to the video-conferenced testimony because he was not present when the matter had been discussed) was already brought to the court's attention in his previous, unsuccessful PCRA petition. *Id.* at 8-9. To this end, we also note that "[t]he focus of the exception is on [the] newly discovered *facts,* not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall****,* 947 A.2d 714, 720 (Pa. 2008) (emphasis in original) (citation omitted). "[Appellant]'s use of [jail records] is just another "conduit for the same claim[, which] does not transform his latest source into evidence falling within the ambit of § 9545(b)(1)(ii)." *Id.* (quoting ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1269 (Pa. 2008)). In light of the foregoing, we agree with the PCRA court's analysis and conclusion. Accordingly, we conclude the PCRA court properly found that Appellant failed to satisfy the exception set forth in Section 9545(b)(1)(ii). Therefore, we affirm the order dismissing Appellant's petition as untimely.

Order affirmed.

---

***Burton***, 158 A.3d at 629.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/27/2018